Mr. Birch is here for the appellate. Mr. Duffy for the appellee. Mr. Birch, you may begin when you're ready. Thank you, Your Honors. May it please the Court, my name is Thomas Birch. Hold on just one second. Let's just let everybody get situated in the courtroom. Looks like we've got a lot of people coming in. We've got a lot of people coming in for this one. No pressure. All right, I think we're ready now. Thank you, Your Honor. My name is Thomas Birch from the Appellate Clinic at the University of Georgia. Appointed by the Court to represent Mr. Philip Jones. Today, one of our third-year students, Mr. Alex Weathersby, will argue the case on our behalf, and I'll be sitting at counsel table. Thank you, Your Honors. Mr. Weathersby. Yes, Your Honor. Okay, you may proceed. Thank you, Your Honor, and may it please the Court. My name is Alex Weathersby, and I'm here representing Mr. Philip Jones. The issue in this case is whether Mr. Jones properly filed his state application for post-conviction relief, so as to toll the deadline on his federal habeas petition. This Court has addressed that issue and has answered it in Mr. Jones' favor on three previous occasions, in Delancey, in Drew, and in Estes. So can I ask you a question about Delancey? I take to be the closest case in point for you. Delancey, though, right, was a little bit different because there it's just an inkblot. We have no idea why the state court did what it did, and here we've got this state court decision that I will concede is a little confusing, and you've got to parse it to figure out whether the state court is really doing the timeliness thing or the merits thing. But doesn't that distinguish it a little bit from Delancey, like where we actually have something to which we might plausibly defer? Maybe so, Your Honor, but in this case, the way that the Court actually dealt with Mr. Jones' motion suggests not that it was dismissing the case summarily and as facially insufficient or untimely, but rather that the court was disposing of Mr. Jones' motion as one that was legally sufficient on its face but ultimately didn't justify some relief. The Florida Post-Conviction Rule 3850 sets out the ways that a court shall dispose of a motion in certain events. Under F-1, if the motion is legally sufficient on its face and untimely, the court is supposed to summarily dismiss the claim with prejudice. But here, the court didn't do that. Instead, the court acknowledged that Mr. Jones had filed his claim, then went to address the merits of his new evidence claim, and sort of tangentially looked at his Strickland claim. So that's, I guess, the question I had in trying to figure out what in the world is going on in this state court order because, as I understand it, and you can correct me if I'm wrong about this, that newly discovered evidence in Florida is plausibly related to one of two things. It might be a timeliness thing, right, that sort of gets you past the time bar, or there actually might be like a freestanding newly discovered evidence claim that undermines the conviction that you're entitled to relief. Is that right? Yes, Your Honor, and if I could address that for just a minute. I think the statutory language says that a court shall not consider, that no motion shall be filed and the court shall not consider the motion that comes more than two years after the sentence or judgment becomes final unless the motion alleges that. And the first category under alleges that is that the petitioner has some newly discovered evidence and that they could not have discovered that evidence within two years. They were bringing the motion within two years of having discovered that evidence. So the plain language sort of sets out this category that says you can't file a motion more than two years after your sentence or judgment becomes final unless you allege that. Mr. Jones did allege that here. So it's a little difficult because when courts often discuss the issue of timeliness, they're referencing the Supreme Court's decision in pace. Yeah, let me ask you about that, Mr. Weatherby, because you were relying on Delancey and Drew out of the circuit, but this court in 2006 in the Sykoski case said that Delancey and Drew, quote, conflict with the Supreme Court's decision in pace and must be disregarded. Two answers to that question, Your Honor. First, Sykoski is importantly distinguishable on the grounds that in Sykoski you have an unambiguous ruling of untimeliness. Where there's an unambiguous ruling of untimeliness, it's much more difficult for a federal court sitting in review of that judgment to say that the petitioner's application complied with the laws and rules governing filings when you have a state court that says actually it was untimely flat out. We don't have that in this case because the court dealt with Mr. Jones' motion on the merits of his newly discovered evidence claim instead of denying it as untimely. And the second point to your question, Your Honor, is that Pace did not in fact conflict with Delancey and Drew and Estes. There are two primary distinctions between Pace and those three precedential cases. The first is that in Pace the petitioner never invoked any of the exceptions to Pennsylvania's post-conviction rule. Like Florida's rule, Pennsylvania's rule set out a category under which a petitioner could get in under the time bar even if they were filing after the statutory time had run. Pennsylvania's statute says that a petitioner has both to allege and prove that they satisfy one of these. Sikosky dealt directly with that and it said, quote, the distinction between Florida's rule 3.850 and the Pennsylvania statute in Pace is unavailing. Yes, Your Honor, and to the extent that Sikosky rejected that argument itself, we would disagree with Sikosky. That said, Sikosky is importantly distinguishable on the grounds that in that case you have an unambiguous timeliness ruling by the state court, so that the federal court sitting in review has to say, well, we have to determine whether the application was in compliance with the state laws and rules governing filings, but we have a state determination that it wasn't. That's not present here. Isn't your best argument in response to that question that Sikosky is an unpublished opinion that has no precedential value at all? That's true, Your Honor. Sikosky is an unpublished opinion, and to that extent, this court isn't bound by it as it is bound by DeLancey, Drew, and Estes. And it is bound by DeLancey, Drew, and Estes because the Supreme Court answered a different question in Pace. In Pace, the petitioner never invoked any of the exceptions to Pennsylvania's time rule. But don't you think it's difficult to walk away from a reading of Pace with any impression other than that the Supreme Court says when the state court has made a timeliness ruling, you defer to it? And so aren't we really kind of debating here whether the state court order that we have before us is in fact a timeliness ruling? If it is. I mean, let's assume that the state court, I think here, frankly, gives you the fact that your client alleged within the meaning of the statute. I think the state court uses the term aver, but, well, that's the same. But if the state court had gone on specifically and unambiguously to say that this is untimely, nonetheless seemingly in violation of the state rule, doesn't Pace say you've got to defer to the state court decision? No, Your Honor, because Pace answered a different question. Pace answered the question whether the mere existence of exceptions to a timely filing requirement can make an application properly filed even when the petitioner doesn't allege any exceptions. See, the issue in Pace was that the district court found that Pace's application was properly filed despite its untimeliness and despite the fact that Pace never alleged any exceptions to the statute. The issue was that in Artuse v. Bennett, the Supreme Court sets out this paradigm. Either a condition is a condition to filing or a condition to obtaining relief. A number of circuits looking at the issue of these time bars had said, well, if the statute sets out judicially reviewable exceptions, that means that the time bar is actually a condition to obtaining relief because the court has to acknowledge that the petition is filed and then consider the merits of the claim in light of these judicially reviewable exceptions. There was a circuit split at the time. So in Pace, the Supreme Court affirmed the Third Circuit in saying, no, these time bars are conditions to filing. Now, Pace didn't satisfy those conditions to filing because his application was late and then because he failed to allege that he satisfied any of the statutory exceptions. So Pace answered the question, are time bars conditions to filing or are they conditions to obtaining relief? And answered it by finding that the time limits are conditions to filing. And we don't dispute that here. What Mr. Jones says is, even though the time limit is a condition to filing, the plain language of Florida statute sets out an exception to that time limit, which is that the petitioner need only allege that they have to— You're talking about Florida's Rule 3.850, rule, not statute? Yes, Your Honor. I'm sorry. But the language of the rule itself is what the first DCA was actually addressing. It says you got to use due diligence in pursuing it. And the claim is made and the facts were or could have been discovered with the exercise of due diligence, talking about the two years. If they weren't talking about two years, why would they even mention that? That's timeliness. Well, I answer your question two ways, Your Honor. First, the Ninth Circuit in Ramirez has held that diligence is actually a condition to obtaining relief, not a condition to filing under Artus v. Bennett. And that stands to reason. The kinds of things that the Supreme Court, Justice Scalia set out in Artus v. Bennett as conditions to filing are things like the form of the document, that it's filed in the appropriate court or office, the time limits on its delivery, and then that the petitioner has paid the fee. Those are conditions to filing. As the Ninth Circuit's found, diligence is actually a condition to obtaining relief. And I agree that the state court did address whether Mr. Jones had or hadn't been diligent, but under the statutory language. Isn't that timeliness, though? It goes to whether he satisfied the conditions contained in 3850B1, which is that he must allege both that he had some newly discovered evidence and that he was diligent in obtaining it. In fact, Mr. Jones did allege that. That's all the plain language of the statute requires. Now, there are other statutes, like, for example, Pennsylvania's, which the Supreme Court considered in Pace. Those statutes say you have both to allege and prove that you have some newly discovered evidence and that you were diligent in obtaining that evidence. So, I mean, I guess back to my question. So even despite the differences between the rules at issue in Pace and here, I mean, you know, the Supreme Court, when it decides these questions, it decides sort of issues of law. And the Supreme Court says because the state court rejected petitioner's petition as untimely, it was not properly filed, and that's the end of the matter. So I guess I'm still left walking away from Pace thinking, like, well, yeah, we can sort of debate the niceties of the particular rule at issue, but isn't the Supreme Court stating as a proposition of law that if the state court rejects the thing as untimely, don't go digging around anymore? That's sort of end of the case. I see that my time is up, Your Honor. May I answer your question? Of course. The Supreme Court had no occasion in Pace to address a situation where an applicant's petition is past the time bar, but nevertheless that they allege some exception. So when the Supreme Court is discussing timeliness in Pace and they acknowledge that there are situations where somebody might allege an exception, all they're talking about is where it's past the time bar and they haven't alleged or satisfied any exception to a statutory time bar. Thank you. All right. Thank you, Mr. Weathersby. We will hear from Mr. Duffy. Thank you, Your Honor. May it please the Court, Counsel. Judge Newsom, you're right. It's almost impossible to read Pace as anything other than a broad statement that if you don't meet the timeliness requirements under state law, irrespective of whether there is an available exception to the time bar or whether or not you raise it, then that is not properly filed. Even though in Pace, which is a completely different statute, it requires that the petitioner has to not only allege but prove that he fell within an exception to the time bar. That seems to be a big difference, just speaking for myself. You don't have to prove it in Florida, but you have to prove it in Pennsylvania. Well, you'd have to prove it in Florida as well. I mean, you can't just simply allege it in Pace. Well, you have to allege it in order to stay in court. It says no other motion shall be, this is rule 3.85-0. It says no other motion shall be filed or considered unless such and such. So simple filing isn't enough. But you'd have to concede there is a difference between the Florida and the Pennsylvania statute. There is a distinction, but no difference is our opinion. And that's our position. And we'd have to overrule. We'd have to say that Pace overrules our decisions in Delancey and Estes. Several panels have had no problem doing that. Which panel other than Sikorsky? There are four that we cited. Mashburn is one. I think Fleming is one. And there's another one that I filed, Button, that I filed as supplemental authority that all recognize that. They all say that Delancey and Estes were overruled by Pace? They say overruled other grounds. And there are parts of Drew and Delancey that they may cite to Drew only because they're citing Drew for a particular proposition that remains, but not for the proposition that an untimely filed state motion that's unexcused is a tolling motion. I'm looking at the state court decision, and I don't see the word untimely. No, Your Honor, you will not see the word untimely. But as Judge Newsom and perhaps Judge Vinson also suggested, it's impossible to read that order as being anything other than a preliminary order saying you have a chance to file this motion in a timely fashion. You did not. Well, in fairness, just so words aren't being put in my mouth, I actually don't think it's impossible to read the order any other way. I think the order is a hot mess, to be honest with you. And I can't make heads or tails of it except that I think that on balance, the better reading may be a timeliness-based ruling. But especially given Florida law, where I understand that there might be a newly discovered evidence claim, sort of a freestanding newly discovered evidence claim divorced from sort of the time bar, then I actually think you could read this one of two ways. And I guess one question I have for you is, I mean, is it sort of fair for us after the fact to be parsing the niceties of this mess of an order and then ultimately determining sort of retroactively that, yes, this was a timeliness decision to which under pace I actually do think we have to defer? I understand your characterization of the order as a hot mess. I don't read it that way. If the judge were inclined to reach the merits, he would have mentioned the ineffective assistance of counsel claim. He did not. Well, he used the word frivolous. That suggests to me that you're reaching the merits. Otherwise, I mean, how do you say it's frivolous if you don't reach the merits? It's frivolous because the claim that he made for newly discovered evidence was one that could have been discovered years before in time to incorporate into his timely Rule 3.850 motion. That's why it's frivolous. That argument that he made that he didn't learn of this e-mail from the prosecutor to what I presume was a victim advocate was discoverable by him through due diligence, and that's what made it frivolous. We've got a lot of cases out there that say in order for us to defer to a judge's conviction, relief is untimely. It has to be explicit and unambiguous, and I don't know how we can say that this is explicit and unambiguous if the state court doesn't even use the word untimely. Well, what you're asking for is magic words, and Florida law doesn't require that of its judges. I'm not certain about federal law, but there's no other way to read that other than this motion is untimely and unexcused, and therefore I'm not going to reach the merits of the motion, which is my lawyer should have told me about this 10-year offer that I would have accepted. Do we have to infer that that's what the state court meant? I don't think there's any other inference that fairly can be drawn from it. So can I ask you two related, well, one related question, and I can go back and look for myself, but have we said that unambiguity is a necessary condition to deference to a state court decision or that it is a sufficient condition? Have we said, hey, this one here, the state court unambiguously said timeliness and therefore we defer, or have we said in order to defer, the state court must be unambiguous about it? The former. It is a necessary but not a sufficient but not necessary condition. That discussion comes out of some federal case law from the Seventh Circuit and some from the Ninth Circuit, Kerry v. Saffold, U.S. Supreme Court, where there actually was some ambiguity. In the Illinois case, which I believe they cited in their brief, which is Battaglia, the Illinois appellate court said, well, it may be untimely. Well, if it may be, it may not, and that is a clear ambiguity. Maybe I can help you out, Mr. Duffy, because Judge Davis in this case relied upon an opinion by another respected district court judge in Florida, who I will not name, in the case of Losey v. McNeil, in which it was quoted from Pace. It says the Supreme Court simply stated, and I quote, when a post-conviction petition is untimely under state law, that's the end of the matter for purposes of Section 2254D2 because, again, quote, time limits, no matter their form, are fouling conditions. So they don't have to use the magic word it was untimely. If you talk about it in time conditions, that's the end of the matter. The Supreme Court has already said. I agree. The ambiguity also came up in Carey v. Saffold, which, in that case, California has this vague reasonableness standard for determining untimeliness. It may be untimely under certain circumstances, may be under others. I am unaware of no case that holds that the word untimely must be in the order for that order to be considered unambiguous. And Judge Wilson, in response to your comment about that, and the argument that simply alleging a time bar exception is enough, the Supreme Court in Pace talked about that not being a good policy. The purpose of the AEDPA Statute of Limitations confirms the common sense reading that properly filed means something other than filed after a time limit that permits no exception. What if the defendant had the opportunity to discover the plea offer, in this case, within the two-year time limitation imposed by 3.850, but was unable to do so until there was newly discovered evidence, which is what he alleges here? Well, the newly discovered evidence is the evidence of the plea. I'm not sure I understand the plea offer, the 10-year plea offer. I think what he's saying is, well, maybe it was untimely. I didn't file it within the two years. And the reason that I didn't file it within the two years is because I didn't have the evidence that I needed to file it within the two years. And so once I had the evidence to file it, I have newly discovered evidence, and I allege that. I allege that. That's enough to get me over the time on this threshold. If that's all you have to say, then the warning that Pace makes that I'll read, on Petitioner's Theory, a state prisoner could toll the statute of limitations at will. But he's not only – and, Pace, you not only have to allege that, what I just asked you, but you also have to prove it in order to get over the threshold. You don't have to prove it in Florida. That's not a distinction that Pace made. It's not a distinction that any court has made. I know that's not a distinction that Pace made because Pace interprets a Pennsylvania statute that requires not only that you allege that, but you have to prove it, too. But its holding is not limited to that theory. They do not address that. No court that I'm aware of has addressed that. And it said it would turn Section 2244D2 into a de facto extension mechanism, quite contrary to the purpose of the AEDPA, and open the door to abusive delay. So they had that in mind, that all you have to do is allege it to get past the time bar. Then that opens the floodgates, and that's one of the policy arguments that we made. But you don't deny, right, that the Florida rule at issue here requires only an allegation, right? It requires an allegation that you ultimately have to be able to prove, yes. Yeah, but so, I mean, so the Florida rule here requires only an allegation. The state court order, which I've characterized as a hot mess, says that, in fact, Mr. Jones did aver, which I take to mean the same thing as allege, newly discovered evidence. So at that point, if we're just calling balls and strikes on the face of the Florida rule here without respect to Pace and deference to state court decisions, do we think that the state court got it wrong? And then isn't your, I mean, the state court dismissed something as untimely, even though the rule says good enough for us if you, good enough for us to get past the time bar if you allege newly discovered evidence, and the state court says, yeah, he did it. But I'm dismissing it as untimely anyway. That's not a fair interpretation of Rule 3.850. Okay. That, I mean, you're going to have to prove that. If you were inclined to reach the merits, you would talk about the merits of the ineffectiveness. Well, doesn't Rule 3.850 require not only that you bring it within two years, or you have to have facts that could have been discovered with the exercise of due diligence? That's the wording of the rule itself. Yes, and that was the ruling was that he was not diligent, that the 2006. What if he alleges that, though? He did allege that. That's this case. He alleged that there was a 10-year plea offer that the state made and that his lawyer turned down, and the judge, state judge, found that that could have been discovered by due diligence, and he was on notice from a previous ineffectiveness evidentiary hearing at which counsel said, my client rejected all offers and told me he didn't want to negotiate with the state. So he's on notice at least at that time, and it was years later before he filed it. Another case, getting to the argument that Sikowsky is not a published opinion, there's a similar holding in Sweet, which is published, and Sweet construed Rule 3.851, which is the capital version of Rule 3.850, and found that it was not properly filed because it was untimely. He alleged a constitutional issue, which is one of the other exceptions to the time bar. I'm not sure I understand the due diligence argument because when you look at the record in this case, over the years, he sought multiple forms of state post-conviction relief that told the limitations periods, right? He did. I mean, he found a lot of stuff. Yes, he did. But then we're going to say he was not diligent. He could have learned of the existence of this memorandum or this email at the very least at the conclusion of his trial. That might have been shielded under Florida's public records law at the time of the trial as possibly a work product, but maybe not. But in any event, that was out there and discoverable by him. And we do hold pro se litigants to that standard. There are numerous cases that have done so. All right. One other small point that I wanted to make is that there's a suggestion in the briefs that the state court judge should have warned him about federal time limits. Because I don't think state court judges should be advising counsel or advising defendants about federal habeas matters. Thank you. Thank you, Mr. Duffy. We ask that you affirm the ruling below. Thank you. All right. Thank you, Mr. Duffy. Mr. Weathersby, you've reserved some time. Your Honors, to address Apley's policy argument, it may be true that under Florida statutes, petitioners can allege that they satisfy some exception to the time bar and thereby toll the federal deadline for their habeas petition. But that's all that's contained in the plain language of Florida statute. This court can interpret that rule according to its plain language. But if it requires that petitioners like Mr. Jones both allege and prove that they have some new evidence so that they were diligent in obtaining it, it would read into that statute a requirement that it doesn't contain, a requirement that statutes like Pennsylvania's do contain but that Florida's does not. So, actually, it's interesting, I think, that I agree with you, everything you just said. As I read the rule the way you do, that it really just requires an allegation of two things and that it's different in that respect from Pennsylvania's statute or rule or whatever it was in Pace. The difficulty for me is that I continue to believe that the fairest reading of Pace is that the Supreme Court really meant to lay down a marker for lower courts that said once the state court has spoken to timeliness, that's the end of the matter. Your Honor, in Pace, the Supreme Court said that in the common understanding where an application is untimely and where the applicant fails to allege any exceptions to that statute, that's the end of the matter. It acknowledged that there were situations where an application could be past the time bar but where they might invoke those exceptions. Now, I agree that the language on timeliness was fairly broad. The Supreme Court said things like when an application is untimely, that's the end of the matter. But it had no occasion to address a situation where when an applicant files past the deadline but they still allege the exceptions, does that mean it's properly filed? It seems that Your Honor would hold Pace's application as untimely but find that the plain language of Florida statutes sets out an exception, so a different category other than timeliness. We maintain our position that Pace doesn't apply to this situation because Pace was strictly addressing a situation where an applicant goes past the time bar and failed to allege any of the exceptions. To that extent, Delancey, Estes, and Drew still control. Also, it— Well, let's not leave Rule 3.850 just yet because not only do you have to allege that you either did it within the two-year time limit, but you also have to allege that if it's not within the two years, it could have been discovered with the exercise of due diligence. That's a critical part of the rule. Yes, Your Honor. So it isn't just a plain allegation, I need help. You've got to say these things and establish that you exercise due diligence. No, Your Honor, because to establish that you exercise due diligence would be to prove that you had— that you exercise due diligence. All of the language about discovering new evidence and having been diligent in discovering that evidence is under B-1. That's subject to the verb in B that says you must allege that. Mr. Jones did allege that he had new evidence and that he had been diligent in discovering it. That's all the plain language of Florida statute requires. Any policy arguments to the contrary would be to read into Florida statute— Did the state court say that it could have been discovered, this plea offer could have been discovered in the exercise of due diligence? Yes, Your Honor. And the state court found that Mr. Jones had not ultimately been diligent in discovering the evidence. And when it made that determination, it attached portions of the record, including Mr. Jones' counsel's sworn testimony at an evidentiary hearing and then a writ of mandamus that Mr. Jones had submitted seeking records from the case. So it appended those materials in addressing the merits of his allegation, not the allegation itself. Thank you. All right. Well, thank you. This case was very well argued on both sides. And Mr. Weathersby, you're a third-year student at the University of Georgia Law School. Yes, Your Honor. Well, you did an outstanding job. This is probably the first time you've—wow, you haven't even graduated from law school yet, and you've already argued a case in the United States Court of Appeals. Yes, Your Honor. That's an impressive program at the University of Georgia Law School. It's the Georgia Law School Appellate Practice Clinic. I would imagine that most of you here are third-year law students who are participating in that clinic. Well, it's good to have you here in the Eleventh Circuit, and good luck to all of you. Thank you, Your Honor. All right. Well, thank you, and court is in recess until 9 o'clock tomorrow morning. All rise. Thank you.